UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x   No.:
Manuela Lavier,

                               Plaintiff,  **COMPLAINT**
                                                    **With Jury Demand**

      -against-

M Events USA, Inc.,
and Marie Cecile Flageul, Individually,


                               Defendants.
-------------------------------------------------------------x

Plaintiff Manuela Lavier ("Plaintiff" or "Ms. Lavier"), by her attorney Anne Donnelly Bush, complains of the Defendants M Events USA, Inc., ("M Events") and Marie Cecile Flageul, ("Flaguel"), Individually, as follows:

## INTRODUCTION

1. This is an action for the recovery of damages including for (1) failure to pay Plaintiff's back pay and all earned wages; (2) failure to pay Plaintiff's overtime wages for hours worked in excess of 40 hours per week; (3) failure to compensate Plaintiff's "spread of hours" pay for days on which she worked in excess of ten hours ; (4) Failure to provide Plaintiff with written notification of wages and other documentation; (5) Failure to timely pay Plaintiff's wages; (6) failure to pay Plaintiff's social security, Medicare, and FICA, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), and the New York Payment of Wages Act, Labor Law §§190 et seq. ("NYPWA") (referred to here as "NYLL"); the Wage Theft Prevention Act (2010)("Wage Act"), and other federal, state and local laws.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the claims presented in this complaint pursuant to 28 U.S.C. § 1331, 1337, 1343 and 1367 and the FLSA section 16, as amended, 29 U.S.C. §§

1

216 (b), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. The Court has supplemental jurisdiction over the New York State law claims.

4. Venue is proper in the Eastern District of New York because the unlawful employment practices occurred within that district.

## PARTIES

*Plaintiff*

5. At all relevant times, Plaintiff Manuela Lavier, a person of majority age and domiciled in the State of New York, was employed by defendant M Events as a Director of Operations, and was M Events' "employee" as defined by the statutes herein.

6. From February 2011 to April 2014, Plaintiff worked at M Event's location at 2728 Thomson Avenue, Long Island City, NY 11101.

7. From April 2014 until November 2015 Plaintiff worked at M Event's location at 1271 Bergen Street, # 1, Brooklyn NY 11213.

*Defendants*

8. At all relevant times M Events was a domestic corporation doing business as an event planning company.

9. Defendant M Events' principal place of business was located at 1271 Bergen Street, # 1, Brooklyn NY 11213.

10. At all relevant times, M Events has been a corporation organized under the laws of the State of New York and has conducted business in New York State, within this judicial district.

11. At all relevant times, M Events has been Plaintiff's "employer" as that term is defined by the FLSA, NYMWA and NYPWA.

12. On information and belief and at all relevant times, defendant Marie Cecile Flageul ("Flageul") was a resident of the State of New York and was the founder, President, a managerial employee and agent of defendant M Events.

13. Upon information and belief, defendant Flageul had authority to hire and fire employees.

## PLAINTIFF'S STATEMENT

14. Plaintiff is a former employee of M Events.

15. On or about March 2011, Plaintiff was hired by M Events as a Director of Operations.

16. November 13, 2015, was Plaintiff's last day of working at defendant M Events.

17. Plaintiff's duties included but were not limited to: Building, maintaining and managing M Events relationships with vendors, suppliers, and customers; assisting clients; negotiations with suppliers; customizing and executing itinerary; planning and co-coordinating events; managing accounts.

18. Plaintiff was employed at a rate of $50,000.00 per year.

19. Plaintiff regularly worked over 40 hours per week.

20. During her tenure with M Events, Plaintiff often worked more than 10 hours per day.

21. Throughout Plaintiff's employment with defendant M Events, Plaintiff received compliments on her work from her managers and clients, and generally met and/or exceeded Defendant M Events' legitimate job performance expectations.

**Plaintiff Was Not Paid Her Salary for 12 months.**

22. Between January 2012 and October 2012, a ten (10) month period, Plaintiff was not paid any salary or other wages.

23. In the month of April 2015, a one (1) month period, Plaintiff was not paid any salary or other wages.

24. In the month of June 2015, a one (1) month period, Plaintiff was not paid any salary or other wages.

**Plaintiff Was Not Paid Overtime**

25. Between 2011 and 2015, Plaintiff worked at least 400 hours in overtime.

26. Plaintiff was not paid overtime.

27. Defendants did not keep a record of Plaintiff's overtime.

28. There is no denotation of overtime pay on Plaintiff's paychecks.

29. Defendants unlawfully failed to compensate Plaintiff according to state and federal overtime laws, for hours worked in excess of 40 per week.

30. Plaintiff was never given a written statement of wages.

31. Plaintiff was never given a written notification of the terms of her employment.

32. Defendants failed to pay Plaintiff's social security, Medicare or FICA contributions. See attached.

33. Throughout Plaintiff's employment with the Defendant, at no time did her primary duty consist of management.

34. Throughout Plaintiff's employment with defendant M Events, at no time did her primary duty consist of performance of work requiring knowledge of an advanced type in a field of science or learning.

35. Throughout Plaintiff's employment with the Defendant, at no time did her duties include work requiring consistent exercise of discretion and judgment.

36. Throughout Plaintiff's employment with the Defendant, at no time did she carry out

major assignments in conducting Defendants operations without express approval of defendant Flageul.

37. Throughout Plaintiff's employment with the Defendant, at no time did she have authority to waive or deviate from the Defendant's established policies and procedures without prior approval of defendant Flageul.

38. Throughout Plaintiff's employment, at no time did Plaintiff's primary duties consist of activities requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

39. Plaintiff exercised no discretion or independent judgment for personnel management.

40. Plaintiff was not responsible for hiring, firing, or overseeing or supervising anyone.

## FIRST CAUSE OF ACTION
### (FLSA - Unpaid Wages/Back Pay)

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants were required to pay Plaintiff her salary of $50,000 as agreed.

43. On information and belief, defendants did not pay Plaintiff for ten (10) months in 2012, with the effect that Plaintiff was underpaid.

44. On information and belief, defendants did not pay Plaintiff for the months of April 2015 and June 2015, with the effect that Plaintiff was underpaid.

45. Defendants' failure to pay Plaintiff her agreed salary was willful within the meaning of the FLSA.

## SECOND CAUSE OF ACTION
### (FLSA - Overtime Claims)

46. Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

47. Defendants failed to pay Plaintiff at one and one half times her regular hourly rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

48. Defendants' failure to pay Plaintiff overtime was willful within the meaning of the FLSA.

### THIRD CAUSE OF ACTION
### (New York Labor Law /Wage Theft Prevention Act (Wage Act) s. 8380)/New York Payment of Wages Act – Unpaid Wages/Back Pay)

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants were required to pay Plaintiff her salary of $50,000 as agreed.

51. On information and belief, defendants did not pay Plaintiff for ten (10) months in 2012, with the effect that Plaintiff was underpaid.

52. On information and belief, defendants did not pay Plaintiff for the months of April 2015 and June 2015, with the effect that Plaintiff was underpaid.

53. Defendants failed to pay wages to Plaintiff for all hours worked at the agreed upon rate of pay, in violation of the NYPWA.

54. Defendants' failure to pay wages to Plaintiff for all hours worked at the agreed upon rate of pay was willful within the meaning of Labor Law § 663.

### FOURTH CAUSE OF ACTION
### (New York Labor Law  - Overtime Claims)

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants failed to pay Plaintiff the New York State overtime rate of one and one half times their regular hourly rate of pay for all hours worked in excess of 40 hours per workweek, in violation of New York Labor Law.

57. Defendants' failure to pay overtime was willful within the meaning of Labor Law § 663.

## FIFTH CAUSE OF ACTION
### (New York Labor Law - Spread of Hours Claims)

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Plaintiff frequently worked more than 10 hours in a workday.

60. Defendants failed to compensate Plaintiff one hour's pay at the New York State minimum hourly wage rate on days in which she worked more than 10 hours, as required by New York law.

61. Defendants' failure to compensate Plaintiff one hour's pay on days in which she worked more than 10 hours was willful within the meaning of Labor Law § 663.

## SIXTH CAUSE OF ACTION
### (New York Labor Law § 195(3)/Wage Theft Prevention Act (Wage Act) s. 8380 – Written Statement of Wages)

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs

63. Defendants have failed to provide Plaintiff with a written statement of their wages that includes gross wages, deductions and net wages, in violation of Labor Law § 195(3).

64. Defendants' failure to make written wage statements accessible to Plaintiff was willful within the meaning of Labor Law § 663.

## SEVENTH CAUSE OF ACTION
### (Wage Theft Prevention Act (Wage Act) s.8380 – Written Notices)

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants have failed to provide Plaintiff with written notices, including (i) the basis of the employee's pay (e.g., hourly, weekly, salary, commission), (ii) any allowances the employer intends to claim as part of the minimum wage (e.g., tip or meal allowances), (iii) the employer's name (including d/b/a names), physical and mailing addresses and telephone number, and (iv) any other information the Commissioner of Labor deems material and necessary, in violation of Wage Theft Prevention Act (Wage Act) (S. 8380)

67. Defendants' failure to provide such notices to Plaintiff was willful within the meaning of Labor Law § 663.

## EIGHTH CAUSE OF ACTION
### (New York Labor Law § 191 - Timely Payment of Wages)

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants failed to timely pay wages to Plaintiff in violation of New York Labor Law § 191).

70. Defendants' failure to timely pay wages to Plaintiff willful within the meaning of the NY Labor Law § 663.

## NINTH CAUSE OF ACTION
### (Violation of N.Y. TAX. LAW § 676 : NY Code - Section 676: Employer's failure to withhold)

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs

72. Defendants failed to withhold from Plaintiff's salary taxes, social security contributions, Medicare, FICA, and failed to pay their proportionate share to the Federal Government.

73. Defendants actions were willful within the meaning of the NY Labor Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be granted as follows:

A. The amount sought for each cause of action;

B. Back pay:

C. Liquidated damages;

D. Compensatory damages;

E. Punitive damages exceeding $1,000,000;

F. An order enjoining Defendants from engaging in the wrongful practices alleged herein;

G. Attorney's fees and costs; and

H. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues.

Dated: New York, New York
February 15, 2017

>Respectfully submitted,
>
>ss/
>
>_____
>Anne Donnelly Bush, Esq. (AD5486)
>**Attorney for the Plaintiff**
>43 West 43rd Street, Ste. 117
>New York, New York 10036-7424
>Tel.: (914) 239-3601
>Fax: (914) 219-3145